Matter of Lafayette (2026 NY Slip Op 50063(U))

[*1]

Matter of Lafayette

2026 NY Slip Op 50063(U)

Decided on January 20, 2026

Supreme Court, Rensselaer County

Mendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 20, 2026
Supreme Court, Rensselaer County

In the Matter of the Application of Yugene A. Lafayette, 
 for a Concealed Carry Pistol Permit.

Application No. 27609

Yugene A. LafayetteApplicant pro se

Noel Mendez, J.

Applicant Yugene A. Lafayette ("Applicant") filed an application with Supreme Court, Rensselaer County, seeking a Concealed Carry Pistol Permit. After holding an inquest on the matter, and for the reasons that follow, the Court denies the application.I.In September of 2025, Applicant filed a signed application — sworn to before a notary public under penalty of fine, imprisonment, and denial of said application — seeking a Concealed Carry Pistol Permit ("Permit"). Applicant left blank that part of the application asking whether he had ever been arrested, summoned, charged, or indicted for any offense.
An in camera review of Applicant's criminal history revealed that he was arrested on at least four occasions — three times for criminal obstruction of breathing or blood circulation, along with other domestic violence-related charges, in 2012, 2013, and 2014, respectively; and once for third-degree robbery in 2019. While the first incident of criminal obstruction of breathing was dismissed after an adjournment in contemplation of dismissal, the other three incidents, including the robbery charge, resulted in guilty pleas to violations. During Applicant's inquest, the Court asked Applicant to explain the arrests and dispositions omitted in Applicant's application. Applicant could not recall the specific details of the criminal obstruction of breathing charges, claiming that a former romantic partner had called the police on him several times and made false allegations of domestic violence against him. Insofar as the robbery charge is concerned, Respondent maintained his innocence of the crime. That charge was ultimately reduced to petit larceny and resulted in a plea to a violation.

 II.
As a licensing authority, the Court may deny a pistol permit application in cases where the applicant lacks good moral character, which is defined by statute as "having the essential character, temperament and judgement necessary to be entrusted with a weapon and to use it only in a manner that does not endanger oneself or others" (see Penal Law 400.00 [1] [b]). As relevant here, New York appellate courts have upheld the denial of an application in cases where the applicant failed to disclose arrest information (see e.g. Sherr v Everett, 228 AD3d 872, 874 [2d Dept 2024], appeal dismissed, 42 NY3d 1044 [2024]). Given Applicant's failure to disclose his arrest information on his application, and his lack of credibility when explaining the arrests during the inquest, the Court denies Applicant's Permit application.
ORDERED, that Applicant's Permit application is hereby DENIED.
This shall constitute the Decision and Order of the Court.
Dated: January 20, 2026Troy, New YorkHon. Noel MendezActing Justice of the Supreme CourtPapers Considered:Applicant's application papers.